1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11  JOSE LUIS GORDON,                    )     Civil No. 11-CV-2770 DMS (NLS)
                                         )
                   Petitioner,           )     **REPORT AND RECOMMENDATION**
12  v.                                   )     **FOR ORDER DENYING PETITION**
                                         )     **FOR WRIT OF HABEAS CORPUS AND**
13  WARDEN STAINER, et al.,              )     **ORDER DENYING THE**
                                         )     **APPOINTMENT OF COUNSEL**
14                 Respondents.          )
                                         )     (Dkt. Nos. 5 and 9)
15  ─────────────────────────────────   )

16          Jose Luis Gordon ("Petitioner" or "Gordon"), a California prisoner proceeding *pro se*, filed a

17  petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Dkt. No. 1.)  This petition was dismissed

18  on December 5, 2011, for failure to name a proper Respondent.  (Dkt. No. 3.)  Petitioner filed a first

19  amended petition ("FAP") on December 27, 2011.  (Dkt. No. 5.)

20          Petitioner is currently serving a sentence of fourteen years and four months.  *Id.* at 1.[1]  In the

21  FAP, he claims that the trial court abused its discretion by incorporating a prior "strike" when

22  calculating his sentence.[2]  *Id.* at 5.  He also argues his sentence is disproportionate, based upon the fact

23  that the victim of his assault was not injured.  *Id.*

24          Respondents filed a response and lodged the state court record on March 5, 2012.  (Dkt. Nos. 7

25  and 8.)  Respondents argue the following: (1) Petitioner has not presented a federal claim; (2) to the

26  ─────────────────────

27          [1]Citations to the FAP refer to the page numbers assigned by the ECF system.

28          [2]Petitioner was sentenced in accordance with California's "Three Strikes" law.  Briefly, the
    Three Strikes law is a combination of Cal. Penal Code §§ 667 and 1170.12, and is designed to increase
    the prison sentences of repeat felons.  *People v. Superior Court (Romero)*, 13 Cal.4th 497, 504 (1996).

                                                 1

1   extent that a federal claim is asserted, Petitioner has not exhausted it; and (3) Petitioner has not shown

2   that his sentence violates any federal right.  (Dkt. No. 7-1.)  Petitioner filed a traverse, asserting that his

3   claims were exhausted, and that he is entitled to relief under the Fourteenth Amendment.  (Dkt. No. 10.)

4   He also filed a motion to appoint counsel.  (Dkt. No. 9.)

5        This Court has reviewed the FAP, answer, traverse, and the complete record in this case, as well

6   as Petitioner's motion to appoint counsel.  After a thorough review, the Court **RECOMMENDS** that the

7   Petition be **DENIED**.  As discussed below, this Court also **ORDERS** that the motion to appoint counsel

8   is **DENIED**.

9   **I.    FACTUAL BACKGROUND**[3]

10       **A.    Case No. SCD211150**

11       In January 2008, the day after an assault and robbery, police officers saw a trail of blood leading

12  to a house in the area of the crime.  A car was double-parked in front of the house.  The officers saw

13  Gordon leave the house and get into the passenger side of the car.  He fit the description of the suspect

14  in the assault and robbery.  After the car drove away and ran a stop sign, the officers conducted a traffic

15  stop.  When the car pulled over, Gordon got out and ran away.  After a foot chase, one of the officers

16  tackled Gordon, who struggled and tried to escape.  The other officer jumped on Gordon and the officers

17  eventually brought him under control.  One of the officers suffered a severe laceration on his elbow,

18  resulting in stitches and five missed days of work.

19       **B.    Case No. SCD220246**

20       In March 2009, while Gordon was on parole, a police officer searched him and found a canister

21  of tear gas on his person.

22       In April 2009 a police officer saw Gordon driving a sport utility vehicle (SUV) the wrong way

23  on a one-way street.  The officer pursued the SUV and it eventually stopped.  As the officer was about

24  to get out of his patrol car, Gordon put the SUV in reverse and rammed the patrol car, moving it four or

25  five feet and jolting the officer back in his seat.  The bumper of the patrol car was pushed back and

26

27        [3]This Court quotes verbatim the factual background of the California Court of Appeal's opinion.
    (Lodgment 6 at 3-4.)  *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State
28  court shall be presumed to be correct"); *Sumner v. Mata*, 449 U.S. 539, 545-47 (1981) (deference is
    owed to factual findings of state trial and appellate courts); *Garvin v. Farmon*, 258 F.3d 951, 952 (9th
    Cir. 2001) (paraphrasing facts from the state court opinion).

1    broken, although it was designed to push disabled vehicles and withstand substantial pressure.  The

2    officer had never seen such a bumper sustain that degree of damage.

3         Gordon sped off in the SUV with the officer in pursuit.  During the chase Gordon ran stop signs

4    and turned without signaling.  He drove the wrong way on another one-way street and collided with a

5    pickup truck in an intersection.  Gordon did not stop after the collision.  He continued driving the wrong

6    way, then got out of the SUV and let it crash into a wall.  Gordon ran away.  Another officer arrived and

7    captured him.  At trial, Gordon stipulated the SUV was stolen.

8    **II.    PROCEDURAL HISTORY**

9         **A.    Conviction and Sentencing**[4]

10        In case No. SCD211150 [Petitioner] was found guilty in a bench trial of resisting an executive

11   officer (Pen. Code[5] § 69).  In case No. SCD220246, Gordon was found guilty in a bench trial of assault

12   with a deadly weapon on a police officer (§ 245, subd. (c)) (count 1), evading an officer with reckless

13   driving (Veh. Code, § 2800.2, subd. (a)) (count 2), unlawful driving and taking a vehicle (Veh. Code,

14   § 10851, subd, (a)) (count 3) and three misdemeanors: hit and run driving (Veh. Code, § 20002, subd.

15   (a)) (count 4), resisting an officer (§ 148, subd. (a)(1)) (count 5) and possession of tear gas by a felon

16   (§§ 12403.7, subd. (a), 12420) (count 6).  The court found that Gordon committed the offenses in counts

17   1, 2, and 3 while he was out of custody on bail (§ 12022.1, subd. (c)) and personally used a deadly

18   weapon on a peace officer in the commission of the count 1 crime.  In both cases, Gordon admitted a

19   strike (§ 667, subds. (b)-(i)),  a serious felony prior conviction (§ 667, subd. (a)(1)) and a prior prison

20   term (§ 667.5, subd. (b)).  The court denied Gordon's request to dismiss the strike and sentenced him to

21   14 years 4 months in prison: eight years (twice the middle term) for assault with a deadly weapon on a

22   peace officer, concurrent four-year terms (twice the middle term) for evading an officer and unlawful

23   driving and taking a vehicle, stayed terms for the bail enhancement, a consecutive term of one year four

24   months (one-third the middle term, doubled) for resisting an executive officer, five years for the serious

25

26   _____

27        [4]This account of Petitioner's conviction and sentencing is also quoted verbatim from the Court of
     Appeal decision.  (Lodgment 6 at 1-2.)

28        [5][Footnote in original]  Further statutory references are to the Penal Code unless otherwise
     specified.

1   felony prior and credit for time served on the misdemeanors.[6]

2   **B.     Appeals**

3        Petitioner appealed the judgment of the trial court to the California Court of Appeal.  (Lodgment

4   3.)  He contended that the court abused its discretion and denied him due process by denying his motion

5   to dismiss a previous conviction that had been deemed a "strike."  *Id.* at 8-12.  In a written opinion, the

6   Court of Appeal concluded that the trial court did not abuse its discretion by declining to dismiss the

7   strike. (Lodgment 6 at 6.)

8        On April 28, 2011, Petitioner filed a petition for review with the California Supreme Court.

9   (Lodgment 7.)  This appeal was summarily denied, without comment.  (Lodgment 8.)  This habeas

10  proceeding was commenced on November 28, 2011.

11  **III.    LEGAL STANDARD**

12  **A.     AEDPA Governs this Petition**

13       The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Petition.  *See*

14  *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  Under AEDPA, a federal court will not grant habeas

15  relief with respect to any claim adjudicated on the merits in state court unless the decision was (1)

16  contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an

17  unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d); *Early v.*

18  *Packer*, 537 U.S. 3, 7-8 (2002).  "Clearly established federal law," for purposes of § 2254(d), means

19  "the governing legal principle or principles set forth by the Supreme Court at the time the state court

20  renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

21  **B.     Decisions that Contradict or Unreasonably Apply Federal Law**

22       A federal habeas court may grant relief where the state court (1) decides a case "contrary to"

23  federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2)

24  decides a case differently than the Supreme Court on a set of indistinguishable facts.  *Bell v. Cone*, 535

25  U.S. 685, 694 (2002).  A federal court may also grant habeas relief where a state court decision is an

26  "unreasonable application" of federal law, such as where the state court correctly identifies the

27  
28       [6][Footnote in original]  At sentencing the court did not mention the prior prison term.  [The Court
    of Appeal remanded] so that the [trial] court [could] exercise its discretion to impose sentence on or
    strike the prison prior.  [The court chose to strike the prison prior.  (Lodgment 9.)]

                                            4

1    governing legal principle from Supreme Court decisions but unreasonably applies those decisions to the

2    facts at issue.  *Id.*

3            The state court decision must be more than incorrect or erroneous; to warrant habeas relief the

4    state court's application of "clearly established law" must be "objectively unreasonable."  *Lockyer*, 538

5    U.S. at 75.  "Objectively unreasonable" differs from "clear error" in that a federal court cannot grant

6    habeas relief only because it believes the state court erroneously or incorrectly applied "clearly

7    established federal law;" the application must be objectively unreasonable.  *Id.* at 75-76 (internal

8    citation omitted).

9            **C.      Decisions Based on an Unreasonable Determination of Facts**

10           Section 2254(e)(1) provides: "[a] determination of a factual issue made by a State court shall be

11   presumed to be correct." 28 U.S.C. § 2254(e)(1).  The petitioner has "the burden of rebutting the

12   presumption of correctness by clear and convincing evidence."  *Id.*

13           **D.      Review of State Court Decision**

14           If the State Supreme Court silently denies a Petitioner's appeal with a summary dismissal, the

15   reviewing federal habeas court must look through to the last reasoned state court opinion in making a

16   decision.  *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  Where no reasoned state court

17   decision addresses a petitioner's claim, the reviewing federal court must conduct "an independent

18   review of the record" to determine whether the state court's decision is objectively unreasonable.  *Himes*

19   *v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  Here, the decision from the California Court of Appeal

20   is the last reasoned state court decision addressing Petitioner's claims.  (Lodgment 6.)

21   **IV.    ANALYSIS**

22           Respondents argue that Petitioner has not presented a federal claim, and, to the extent that he

23   has, it is unexhausted.  (Dkt. No. 7-1 at 5-7.[7])  This Court will initially address the question of

24   exhaustion before moving on to a discussion on the merits.

25           **A.      Exhaustion**

26           Habeas relief is only available to a petitioner seeking review of a claim "adjudicated on the

---

28           [7]Citations to Respondents' Memorandum of Points and Authorities refer to the internal page
     numbers of the document.

merits in State court proceedings." 28 U.S.C. § 2254.  Before filing a federal habeas petition, a prisoner in state custody pursuant to a state court judgment must first exhaust state judicial remedies through either a direct appeal or collateral proceedings.  *See* 28 U.S.C. § 2254(b), (c).  The prisoner must provide the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.  *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  The petitioner has the burden of establishing exhaustion in his or her habeas petition.[8]  *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir.1981) (citations omitted).

A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001).  In this circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law. *See Lyons*, 232 F.3d at 668, 670.  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.  *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (rejecting former Ninth Circuit standard that allowed petitioner to exhaust federal claim by raising essentially the same claim in state court). The required level of explicitness is the same for pro se petitioners and petitioners who are represented by counsel. *See Lyons*, 232 F.3d at 669.

In Petitioner's petition for review to the Supreme Court of California, he mentions his "right to due process" in an argument heading.  (Lodgment 7 at 7.)  Additionally, the petition for review included the following paragraph:

> ...a determination that the sentencing court abused its discretion under the Three Strikes law and its choosing the upper term also requires reversal as a violation of the defendant's right to due process and has implications relating to cruel and unusual punishment.  (U.S. Const. 8th and 14th Amends; *Hicks v. Oklahoma* (1980) 447 U.S. 343, 346; *Trop v. Dulles*, (1958) 356 U.S. 86, 100.)

(Lodgment 7 at 10.)  This paragraph specifically identifies the federal rights involved, and federal case

---

[8]The FAP is missing its second page, which is the page where Petitioner would ordinarily indicate whether he pursued appeals through the California Court of Appeal and the California Supreme Court.  This Court has chosen to overlook this deficiency because it is clear from the record that Petitioner appealed to both courts.  (Lodgments 3, 6-8.)

1    law was cited in support of the assertion.

2          Although the discussion was brief, Petitioner clearly presented his claims to the highest state

3    court available.  These claims were summarily dismissed, and there is no indication that this dismissal

4    was not based on the merits.  (Lodgment 8.)  "When a federal claim has been presented to a state court,

5    and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the

6    merits in the absence of any indication or state-law procedural principles to the contrary."  *Harrington v.*

7    *Richter*, 131 S.Ct. 770, 784-85 (2011).  Therefore, Petitioner's claims are sufficiently exhausted, and

8    this Court may now address their merit.

9          **B.     Petitioner's claim that the trial court abused its discretion**

10          The primary claim set out in the FAP is Petitioner's assertion that the trial court abused its

11    discretion when it declined to dismiss a prior conviction when sentencing Petitioner under the California

12    Three Strikes Law.  (FAP at 5-8.)  He asserts that the conviction should have been struck because it was

13    "more than a decade old."  *Id.* at 5.  In support of this claim, he cites *People v. Superior Court (Romero),*

14    where the California Supreme Court held that a trial court has the discretion to strike prior felony

15    conviction allegations in the furtherance of justice, and that these decisions are subject to review for

16    abuse.  13 Cal.4th at 529-530.

17          Claims of alleged errors made by a state trial court in the application of state law are not proper

18    subjects for habeas relief.  *Estelle v. McGuire,* 502 U.S. 62, 67 (1991).  Indeed, "it is not the province of

19    a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting

20    habeas review, a federal court is limited to deciding whether a conviction violated the Constitution,

21    laws, or treaties of the United States."  *Id.* at 67-68.

22          Additionally, federal courts must defer to a state court's interpretation of state sentencing laws,

23    and the Ninth Circuit has specifically held that California's sentence enhancement provisions involve

24    state sentencing law, and, as such, are not subject to federal habeas relief.  *Miller v. Vasquez,* 868 F.2d

25    1116, 1118-1119 (9th Cir. 1989).  Even if a trial court misapplies state sentencing laws, habeas relief is

26    not warranted in the absence of a showing of fundamental unfairness.  *Christian v. Rhode,* 41 F.3d 461,

27    469 (9th Cir. 1994).

28          It is not the opinion of this Court that the trial court misapplied any state sentencing laws.

However, in any event, Petitioner is unable to demonstrate fundamental unfairness. The trial court, when Petitioner requested that the prior strike be dismissed, noted that Petitioner had a long criminal history beginning in 1992 when he was a juvenile, and that the criminal behavior continued into his adult years. (Lodgment 2, Vol. 5 at 211:21-212:14.) This was despite extensive intervention by the courts. *Id.* at 211:23-24. The Court of Appeal added: "Gordon did not live a legally blameless life in the fewer than [ten] years between the strike offense and the offense in case No. SCD220246. During that time he accumulated three parole violations, a misdemeanor conviction and the felony conviction in case No. SCD211150, which constituted a fourth parole violation." (Lodgment 6 at 5.)

Petitioner's criminal history led the state courts to reject his request to dismiss the strike, and this Court defers to this decision. Petitioner has not demonstrated misapplication of California's state sentencing laws and subsequent fundamental unfairness; therefore, this Court **RECOMMENDS** that this claim for habeas relief be **DENIED**.

### C. Petitioner's claim that his sentence is disproportionate

Petitioner also claims that his sentence is disproportionate because the peace officer who was the victim of the assault with a deadly weapon was uninjured. (Dkt. No. 5 at 5 and 7.)

"The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California,* 538 U.S. 11, 23 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring). In determining whether a sentence is grossly disproportionate, "a court must begin by comparing the gravity of the offense and the severity of the sentence." *Graham v. Florida*, 130 S.Ct. 2011, 2022 (2010). "'In the rare case in which this threshold comparison...leads to an inference of gross disproportionality,' the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.*, quoting *Harmelin,* 501 U.S. at 1005.

Petitioner cannot meet the initial threshold of demonstrating a grossly disproportionate sentence. Petitioner's previous strike in 1999 also involved the assault of a peace officer. (Lodgment 1 at 37.) With respect to the 1999 offense, Petitioner stated that he did not believe the officer suffered any permanent damage because he did not appear to be injured when he testified at trial. *Id.* The Court of

1   Appeal found this explanation unavailing, as does this Court.  The gravity of Petitioner's current

2   offenses, his history of assaulting peace officers, and the deference given to state sentencing laws, all

3   lead to the conclusion that Petitioner's current sentence is not grossly disproportionate.  Therefore, there

4   is no need to branch into a comparative analysis of sentences received by other offenders.

5          Due to the fact that Petitioner has not demonstrated the gross disproportionality necessary to

6   invoke federal habeas review, this Court **RECOMMENDS** that this claim for habeas relief be

7   **DENIED**.

8   **V.      REQUEST TO APPOINT COUNSEL**

9          Petitioner also moves for the appointment of counsel to represent him on his habeas petition.

10  (Dkt. No. 9.)  He argues that counsel should be appointed because Petitioner is (1) incarcerated; and (2)

11  unable to afford the legal services of an attorney.  *Id.* at 1.  Petitioner claims that the appointment of an

12  attorney "will allow for a full and fair litigation of this matter."  *Id.*

13         The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state

14  prisoners.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  However, financially eligible habeas

15  petitioners may obtain counsel whenever the court "determines that the interests of justice so require."

16  18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990).

17         The interests of justice require appointment of counsel when the court conducts an evidentiary

18  hearing on the petition.  *Id.* at 1181; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  When

19  no evidentiary hearing is necessary, appointment of counsel is discretionary.  *Id.*  In the Ninth Circuit,

20  indigent prisoners are not entitled to appointed counsel unless counsel is "necessary to prevent due

21  process violations."  *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

22         Here, Petitioner has sufficiently represented himself to date.  He has adequately pleaded his

23  claims, and has already filed his traverse in reply to Respondents' response.  It appears that he is able to

24  express himself, and has a good grasp of this case and the legal issues involved.  At this point the issues

25  do not appear so complex such that Petitioner cannot litigate them.  Also, it is not evident at this time

26  that an evidentiary hearing is necessary.  Under these circumstances, a district court does not abuse its

27  discretion in denying a state prisoner's request for appointment of counsel.  *See LaMere v. Risley*, 827

28  F.2d 622, 626 (9th Cir. 1987).  This Court finds that Petitioner, at this point, is capable to litigate the

1   claims in his habeas petition.

2       Here, the "interests of justice" do not compel the appointment of counsel.  Accordingly,

3   Petitioner's request for appointment of counsel is **DENIED**, without prejudice.

4   **VI.**    **CONCLUSION**

5       Petitioner has not demonstrated that he is entitled to federal habeas relief.  **ACCORDINGLY**, it

6   is hereby

7       **RECOMMENDED** that Petitioner's First Amended Petition for Writ of Habeas Corpus (Dkt.

8   No. 5) be **DENIED**; and it is further

9       **ORDERED** that Petitioner's motion to appoint counsel (Dkt. No. 9) is **DENIED**.

10       This report and recommendation is submitted to the United States District Judge assigned to this

11   case pursuant to 28 U.S.C. § 636(b)(1).

12       **IT IS ORDERED** that no later than **May 11, 2012**, any party to this action may file written

13   objections with the Court and serve a copy on all parties. The document should be captioned

14   "Objections to Report and Recommendation."

15       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

16   served on all parties no later than **May 18, 2012.**  The parties are advised that failure to file objections

17   with the specified time may waive the right to raise those objections on appeal of the Court's order.

18   *Martinez v. Ylst*, 951 F2d 1153 (9th Cir. 1991).

19       **IT IS SO ORDERED.**

20

21   DATED:  April 13, 2012

22

23                    Hon. Nita L. Stormes

24                    U.S. Magistrate Judge
                 United States District Court

25

26

27

28

11-CV-2770 DMS (NLS)